# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JOSE SALGUERO**<br><br>**Defendant** | **NO. 2:18-cr-00050-LGW-BWC-5** |

## MOTION TO WITHDRAW
## AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Jose Salguero, Defendant in the above-captioned action, and respectfully requests that his undersigned attorney, duly appointed to represent him throughout the pendency of this action be granted leave to withdraw as his appointed counsel and that substitute counsel be appointed to represent Defendant for the duration of the proceedings, showing this honorable Court the following:

1.

The undersigned attorney ("Counsel") was duly appointed to serve as attorney for Defendant Jose Salguero in this case by an order of this Court entered on December, 7 2018.

2.

Since the time of his appointment, Counsel has been engaged in the zealous representation of Defendant's interests by all prudent means.

3.

Defendant has unambiguously expressed a strong desire that Counsel cease representing him in this matter.

4.

Following Defendant's clear expression of his desire that Counsel cease representing him in this matter, Defendant ceased communicating with Counsel and refuses to further assist his appointed attorney in the preparation of his defense. Accordingly, as a result of this complete breakdown of communication, Counsel concurs in Defendant's request that this Court grant leave for Counsel to withdraw and allow for the appointment of substitute counsel.

## **MEMORANDUM OF LAW**

This case arises from a multi-count multi-defendant indictment by which Defendant was charged with conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846 and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841 (a)(1). Throughout the pendency of this case, it has been the position of the United States that, upon a conviction on any count of the indictment, the applicable guideline range at sentencing would be subject to the career offender enhancement set out in §4B1.1 of the Sentencing Guidelines.[1] Counsel has sought to clearly evaluate and explain the likelihood that this

---

[1] Section 4B1.1 provides that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Although, for the purposes of this Motion, Defendant does not concede that this enhancement is applicable in this case, Defendant was at least eighteen years of age at the time of the occurrence of the events alleged in the indictment, each of the offenses alleged in the indictment likely constitute felony controlled substance offenses, and Defendant does have at least two prior felony convictions arising from the unlawful sale of a controlled substance.

enhancement would be applied at sentencing upon conviction in this case, and to further explain the likely effect of such enhancement in the context of plea negotiations and a possible guilty verdict. But, despite Counsel's best efforts in this regard, Defendant has expressed a strong belief that the lengthy period of confinement that would likely be associated with his conviction in this case is the direct result of either (1) his counsel's ineffectiveness or (2) his counsel's complicity with the government's attempt to "railroad" him.[2] As a result of this belief, Defendant has forcefully and unambiguously requested that Counsel immediately cease representing him in all respects.[3] Subsequently, Defendant completely ceased communicating with Counsel and refuses to further assist his appointed attorney in the preparation of his defense. Because Defendant's request that his attorney be removed from this case implicates important and complex issues related to professional ethics and the proper application of the Sixth Amendment, Counsel proceeded to file this Motion to Withdraw.

The Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. When a Defendant retains the services of a private attorney, the Sixth Amendment safeguards his right "to choose who will represent him." *United States v. Gonzalez Lopez*, 548 U.S. 140, 144, 147, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). Indeed, "[t]he right to select counsel of one's choice ... has been regarded as the root meaning of the constitutional guarantee." Id. at 147–48, 126 S.Ct. 2557.

However, an indigent criminal defendant who seeks appointed counsel "does not have a right to have a particular lawyer represent him nor to demand a different appointed lawyer except

---

[2] The expressions generally referenced in this Motion were made in the presence of third-parties and are not subject to attorney-client privilege. However, Counsel does not intend to reveal the content of any statement made to him by Defendant.

[3] Counsel continues to represent Defendant pursuant to the order of this Court and the cannons of professional ethics, and shall continue to do so until an order of this Court relieves him of that duty.

for good cause." *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir.1985) (citation omitted). Specifically, good cause exists where there is "a fundamental problem, 'such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict.' " *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir.2008) (en banc) (quoting *United States v. Young*, 482 F.2d 993, 995 (5th Cir.1973)).

In this case, the possible application of the career offender enhancement of §4B1.1 of the Sentencing Guidelines has caused Defendant to lose faith Counsel's representation of his interests. Notwithstanding the propriety of this belief, the concomitant complete breakdown in communication constitutes good cause for the withdrawal of Counsel pursuant to Defendant's demand. Regardless of Counsel's actual skills and performance, this Motion to Withdraw should be granted because "if good cause exists, a defendant no longer has effective representation." *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1271 (11th Cir. 2016).

**WHEREFORE,** Jose Salguero, Defendant herein, respectfully prays that this honorable Court issue an order GRANTING this Motion to Withdraw, permitting his appointed attorney Joseph Emanuel to withdraw from as counsel and providing that substitute counsel be appointed to represent him.

Respectfully submitted, this 28th day of March, 2019.

HALL BOOTH SMITH, P.C.

| | |
|---|---|
| 3528 Darien Highway, Suite 300 | /s Joseph Emanuel |
| Brunswick, Georgia 31525 | JOSEPH G. EMANUEL |
| Phone: (912) 554-0093 | Georgia Bar No. 537196 |
| Fax:    (912) 554-1973 | *Attorney for Defendant Jose Salguero* |
| Email: *jemanuel@hallboothsmith.com* | |